UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No.: 14-154 |
| TERRELL CARNEY | SECTION: "J" (1) |

### ORDER & REASONS

Before the Court is a *Motion for Reconsideration of the Court's Denial of Second Motion for Compassionate Release as Premature* **(Rec. Doc. 788)** filed by Defendant, Terrell Carney, an opposition and supplemental memorandum thereto (Rec. Docs. 792 and 796) filed by the Government, and a reply (Rec. Doc. 798) by Defendant. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's Motion for Reconsideration is **GRANTED**, inasmuch as his Motion for Compassionate Release (Rec. Doc. 774) shall now be considered on the merits. After consideration of the merits of Defendant's compassionate release motion, the Court finds it should be **DENIED**.

### DISCUSSION

As this is the third time the Court has addressed some iteration of Defendant's compassionate release motion, the Court assumes the parties' familiarity with the facts and procedural background. Nevertheless, before proceeding to the substance of Defendant's compassionate release arguments, the

Court must address a couple of antecedent issues given the unique posture of the case.

First, the Court finds it has the power to adjudicate Defendant's Motion for Reconsideration, despite Defendant's pending Notice of Appeal. (Rec. Doc. 790). Typically, the "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S. Ct. 1327, 1331, 84 L. Ed. 2d 274 (1985). However, a district court may hear a timely motion for reconsideration, even though a notice of appeal is filed afterwards, because the timely motion for reconsideration renders the notice of appeal "ineffective." *See United States v. Woods*, 17-cr-118-LG-JCG-2, 2020 WL 4318758 at *2 (S.D. Miss. July 27, 2020) (citing *United States v. Berry*, 679 F. App'x 364, 365 (5th Cir. 2017)).

Having thus determined it may reconsider its ruling that Defendant's Second Motion for Compassionate Release was premature, the Court finds that Defendant has in fact exhausted his administrative options and his motion is properly before the Court. 18 U.S.C. § 3582(c)(1)(A). At issue in Defendant's Second Motion for Compassionate Release was whether Defendant had petitioned the Warden to file a compassionate release motion on his behalf in April of 2020. After reviewing evidence proffered by both parties, the Court concluded Defendant had not proven exhaustion of his administrative options, and therefore his motion had to be denied as premature. (Rec. Doc. 784). Now, it is undisputed that on June 29, 2020,

Defendant did send a request to the Warden asking for a compassionate release motion to be filed on his behalf. (Rec. Doc. 792-1). Over thirty days have passed without a response from the Warden, thereby allowing the Court to rule on Defendant's second compassionate release motion. § 3582(c)(1)(A).

Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness' or a condition that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family

circumstances.'" *United States v. Calogero,* No. 18-203, at 4-5 (citation omitted).[1] Defendant does not provide evidence, nor does he argue, that he fits into any established category that would entitle him to compassionate release. Rather, Defendant argues that the risk of contracting Covid-19 while incarcerated, combined with his medical issues, is sufficient to meet the standard for compassionate release. Defendant alleges he suffers from "asthma, high cholesterol and pre-diabetic complications." (Rec. Doc. 774 at 5).[2]

Although certain underlying conditions combined with a realistic threat of Covid-19 can occasionally constitute "extraordinary and compelling circumstances," the calculus is altered if the defendant in question has actually contracted Covid-19. *See United States v. Baker*, No. 16-cr-179, 2020 WL 4584195 at *4 (E.D. La. Aug. 10, 2020). Here, Defendant's medical records show that he was diagnosed as positive for Covid-19, received regular care, and fully recovered. (Rec. Doc. 787-1). This shows the care and treatment Defendant is receiving while incarcerated is adequate given his underlying conditions. *See United States v. McCollough*, 2020 WL 2812841, at *2 (D. Ariz. May 29, 2020). Moreover, according to current CDC data, "there have been no confirmed cases of [Covid-19] reinfection." CTRS. FOR

---

[1] The Court notes that there is some dispute over whether the Sentencing Commission's Policy Statement remains binding in light of the statutory changes enacted by the First Step Act. *See Dillon v. United States,* 560 U.S. 817, 830 (2010) (holding that the Policy Statement is binding when evaluating sentence reduction requests under Section 3582); *cf. United States v. Perdigao*, No. 2:07-cr-00103 (E.D. La. Apr. 2, 2020) (Doc. No. 237 at 5) (finding that the policy statement is no longer dispositive). The Court finds it is not necessary to decide this issue at this time, as at the very least the Policy Statement remains instructive. *See United States v. LeBlanc,* 2020 WL 2331690 (E.D. La. May 11, 2020); *Perdigao*, No. 07-cr-103 (although not dispositive, the Policy Statement remains instructive.).

[2] The only condition supported by Defendant's medical records is asthma.

4

DISEASE CONTROL & PREVENTION, *Coronavirus Disease 2019 (COVID-19): Duration of Isolation and Precautions for Adults with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited Aug. 14, 2020). For those reasons, "[c]ourts have denied COVID-19-based motions for compassionate release filed by inmates who have already contracted the virus." *Baker*, 2020 WL 4584195, at *4 (citing cases).

Furthermore, even if the Court were to find that Defendant's medical conditions constituted an "extraordinary and compelling reason" to grant him a compassionate release, he still would not be entitled to said release because he has failed to establish that, if released, he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The danger posed to the community by drug offenders writ large, and armed drug offenders in particular, is well-established. *See United States v. Hare,* 873 F.2d 796, 798-99 (5th Cir. 1989); *see also United States v. Daychild,* 357 F.3d 1081, 1100 (9th Cir. 2004) (Danger to the community posed by armed drug traffickers is "too plain to permit dispute"). Law enforcement officials found a loaded .40 caliber handgun when searching Defendant's residence. (Rec. Doc. 592 at 13).

Furthermore, Defendant's instant conviction is far from an isolated incident. Rather, he has a long and troublesome criminal history, including multiple drug convictions. *Id.* at 18-20. This pattern of conduct evinces a defendant with a strong predilection for dangerous behavior that precludes a granting of compassionate release. *See United States v. Miranda*, 2020 WL 2124604 (D. Conn. May 5, 2020)

5

(denying compassionate release for a defendant with history of drug crimes and violence).

Even more troublesome is Defendant's history of disregarding terms of probation or supervised release. After a conviction in state court for possession of marijuana with intent to distribute, Defendant twice had his parole revoked for engaging in additional criminal conduct. (Rec. 592 at 19); *see United States v. Paulino,* No. 19 Cr. 54 (PGG), 2020 WL 1847914, at *6 (S.D.N.Y. Apr. 13, 2020) (Noting in denying release due to Covid-19 that "in committing the instant crime, the Defendant violated his probation."). These actions reveal that Defendant is unsuited to serving a large portion of his sentence via probation or supervision.

For the foregoing reasons, Defendant has failed to show that if granted compassionate release he would not be a danger to others or to the community.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Reconsideration* **(Rec. Doc. 788)** is **GRANTED.**

**IT IS FURTHER ORDERED** that *Defendant's Motion for Compassionate Release* (Rec. Doc. 774) is **DENIED on the merits**.

New Orleans, Louisiana, this 17th day of August, 2020.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE